# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY FORD, et al., | : | |
| | : | Case No. 5:17-CV-49 |
| Plaintiffs, | : | |
| | : | Judge Sara Lioi |
| v. | : | |
| | : | |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, et al., | : | |
| | : | |
| Defendants. | : | |

## UNITED STATES' MOTION FOR DISMISSAL OF THE CLAIMS OF ELEVEN PLAINTIFFS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(b)(1) and (c), Defendants the United States Department of Education ("ED") and Elisabeth DeVos, in her official capacity as United States Secretary of Education (collectively, the "United States"), respectfully move for an order dismissing the claims of Plaintiffs Ashley Ford, David West, Lindsey Jones, Jeremy Zimmerman, Marisa Burns, Sarah Repass Freund, Alyssa Pandolfi, Maggie Webb, Ben Owen, Melinda Morales, and Alexandra Bolden (collectively, the "Eleven Plaintiffs") in the May 5, 2017, Second Amended Complaint, Docket No. 17, ("SAC"), and for judgement on the pleadings on Count III of the SAC. The accompanying Memorandum explains why the Court lacks subject matter jurisdiction over the Eleven Plaintiffs' claims against the United States, and why the United States is entitled to judgment on the pleadings as to Count III. The Declaration of Cristin O'Keefe ("O'Keefe Decl."), attached as Exhibit 1, supports dismissal of the Eleven Plaintiffs' claims for lack of subject matter jurisdiction.

Respectfully submitted,

Chad A. Readler
Acting Assistant Attorney General

Ruth A. Harvey
Director

Lloyd H. Randolph
Assistant Director

/s/ Terrance A. Mebane
Terrance A. Mebane
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 307-0493
Terrance.A.Mebane@usdoj.gov

*Counsel for Defendants the United States Department of Education, and Elisabeth DeVos, in her official capacity as United States Secretary of Education*

## INTRODUCTION

This Court lacks subject matter jurisdiction over the claims asserted by the Eleven Plaintiffs against the United States because properly characterized, these claims seek merely a reduction of these Plaintiffs' overall federal student loan debt. The so-called "Little Tucker Act," 28 U.S.C. § 1346(a)(2), does not waive sovereign immunity for such equitable relief, but only for claims for monetary damages. Plaintiffs have not identified any other statute as waiving sovereign immunity for their claims.

The existence of an express contract between Plaintiffs and the United States also precludes Plaintiffs from asserting its claim for unjust enrichment (Count III). "Ohio law does not allow parties to seek damages under quasi-contractual theories of recovery, such as a claim of unjust enrichment, when a contract governs the relationship." Memorandum Opinion and Order of March 19, 2018, Docket No. 28 ("Opinion").

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1) and (c), the United States respectfully moves for an order dismissing the claims of the Eleven Plaintiffs and for judgment on the pleadings on Count III of the Second Amended Complaint.

## FACTS[1]

The College Cost Reduction and Access Act, Pub. L. 110-84, amended the Higher Education Act of 1965, and authorized the Teacher Education Assistance for College and Higher Education ("TEACH") grant program for implementation beginning in 2008. *See* HEA section 420L-420O, 20 U.S.C. § 1070g, *et seq.* Under the TEACH grant program, teacher candidates may

---

[1] For purposes of this Motion to Dismiss only, the United States accepts as true the factual allegations set forth in the Second Amended Complaint ("SAC"). In the event this Motion is denied, the United States reserves the right to contest each and every factual allegation in the Second Amended Complaint.

receive annual grants of up to $4,000 per year, not to exceed $16,000 total, for undergraduate, graduate, or post-baccalaureate study to prepare them to teach. *See* 20 U.S.C. § 1070g-1.

Before receiving a TEACH grant, an applicant must sign an Agreement to Serve. 34 C.F.R. § 686.12(a). In the Agreement to Serve, the applicant promises to serve as a teacher in a high-need field in a low-income school for not less than four academic years of the eight years after the applicant completes the course of study for which he or she received a grant. 34 C.F.R. § 686.12(b). After graduation, grant recipients must submit evidence of such employment in the form of a certification. 34 C.F.R. § 686.12(b)(2). Failure to submit certification results in the grant being converted to a loan. 34 C.F.R. §§ 686.12(e), 686.43(a)(4). A grant that is converted to a loan cannot be converted back to a grant. 34 C.F.R. § 686.43(d).

The Eleven Plaintiffs all received TEACH grants which were subsequently converted to loans. *See* SAC ¶ 252. Importantly, each also received – independent of a TEACH grant - federal student loans from the United States. O'Keefe Decl. ¶ 14.[2] The payments, if any, that each of the Eleven Plaintiffs has made on a converted loan are substantially less than the outstanding balance on each borrower's other federal student loans. O'Keefe Decl. ¶ 14.

The Second Amended Complaint asserts two claims against the United States: breach of contract and unjust enrichment. Plaintiffs allege that they have been injured by having to make monthly payments on their converted loans. SAC ¶¶ 205, 253. They also assert that the United

---

[2] The Court may rely on the O'Keefe Decl. in deciding whether the Eleven Plaintiffs' claims against the United States should be dismissed for lack of subject matter jurisdiction. *Tootle v. Secretary of Navy*, 446 F.3d 167, 174 (D.C. Cir. 2006) ("A court may look beyond the pleadings to resolve disputed jurisdictional facts when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1)."); *see Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017) (explaining that a "factual attack" on the court's subject matter jurisdiction "raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist'").

4

States has been unjustly enriched by retaining the payments made on their converted loans. *Id.* at ¶¶ 257-58.

## ARGUMENT

I. **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ELEVEN PLAINTIFFS' CLAIMS AGAINST THE UNITED STATES**

   A. **Plaintiffs Must Demonstrate That This Court Has Subject Matter Jurisdiction and That Sovereign Immunity Has Been Waived**

Federal courts are courts of limited jurisdiction. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A district court initially presumes that it lacks jurisdiction, and the burden of clearly and explicitly establishing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). To invoke jurisdiction, a complaint must affirmatively and distinctly allege the statutory basis for jurisdiction. *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 498 (M.D. Ala. 1994). Thus, a plaintiff bears the burden of establishing that the requirements of federal subject matter jurisdiction have been met. *See Annuity Transfers, Ltd. v. United States*, 86 Fed. Cl. 173, 176-77 (2009).

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). *See also United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of sovereign immunity is a necessary prerequisite to the exercise of jurisdiction over the United States by any court. *See, e.g.*, *United States v. King*, 395 U.S. 1, 4 (1969). Such a waiver "must be unequivocally expressed in the statutory text" and "strictly construed, in terms of its scope," in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," without regard to any perceived unfairness, inefficiency, or inequity. *Dept. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).

5

Sovereign immunity also extends to agencies of the United States, and officers of the United States acting in their official capacity. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (citing *United States v. Testan*, 424 U.S. 392 (1976)); *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). Thus, a federal court has no jurisdiction over a suit brought against an agency or officer of the United States in the absence of explicit statutory consent to be sued. *Whittle*, 7 F.3d at 1262; *Smith v. Booth*, 823 F.2d 94, 96-97 (5th Cir. 1987).

> **B. The Little Tucker Act Does Not Provide A Jurisdictional Basis Or Waiver Of Sovereign Immunity For Claims Against The United States Because The Second Amended Complaint Seeks A Reduction Of the Eleven Plaintiffs' Debts, Not An Award Of Monetary Damages**

The Little Tucker Act waives sovereign immunity and grants the district courts original jurisdiction, concurrent with the Court of Federal Claims, over contract claims against the government not exceeding $10,000 in amount. 28 U.S.C. § 1346(a)(2); *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dept. of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007) (citing *Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004)). But the Little Tucker Act waives sovereign immunity only for claims for monetary relief, not equitable relief, except in very limited circumstances not applicable here. *Id.*; *see also Lee v. Thornton*, 420 U.S. 139, 140 (1975) ("The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief.").[3]

This limitation on the Court's authority applies to district courts as well as the Court of Federal Claims because a district court, when exercising jurisdiction under the Little Tucker Act, in effect sits as the Court of Federal Claims, which does not have general equitable powers. *Doe*,

---

[3] "While limited equitable relief is sometimes available in Tucker Act suits, the equitable relief must be incidental and collateral to a claim for money damages." *Bobula v. U.S. Dept. of Justice*, 970 F.2d 854, 858-59 (Fed. Cir. 1992) (citing 28 USC § 1491(a)(2)).

6

372 F.3d at 1313 (citing *United States v. Sherwood*, 312 U.S. 584, 589-91 (1941)).

The classic Tucker Act breach of contract claim arises where a party seeks "to obtain compensation by the Federal Government for damage sustained." *Doe*, 372 F.3d at 1312 (quoting *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 372 F.2d 1002, 1010 (1967)). Such a claim constitutes a claim for monetary relief for purposes of the Little Tucker Act where, in essence, a party "is seeking a refund of money that it claims was *wrongfully paid* to the federal government." *Gonzales*, 490 F.3d at 944-45 (emphasis added) (quoting *Brazos Elec. Power Coop. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)). As the Federal Circuit explained:

> [T]here is a substantive difference between a plaintiff seeking the return of money it *already paid* the government and a plaintiff never having to pay the government in the first place. Simply stated, if the plaintiff in the second scenario prevails, he would not 'be receiving monetary damages from the public fisc of the United States.'

*Id.* at 945 (emphasis added) (quoting *Brazos*, 144 F.3d at 787).

In determining whether a claim is for monetary relief, a court must look beyond the form of the pleadings to the substance of the claim. *Gonzales*, 490 F.3d at 944 (citing *Brazos*, 144 F.3d at 787 (recognizing that "jurisdiction cannot be circumvented by such artful pleading and, accordingly, [a court must] look to the substance of the pleadings rather than their form")). "The fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages.'" *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988).

Even when a plaintiff seeks to possess herself of a sum of money, the remedy sought still should be considered equitable in nature when the relief sought is "specific performance of . . . contractual obligations," rather than compensatory relief for a loss. *See Gonzales*, 490 F.3d at 944-45; *see also Bowen*, 487 U.S. at 893 ("Our cases have long recognized the distinction between

7

an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for . . . the recovery of specific property or *monies* . . . or [an] injunction.") (internal quotations omitted); *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998) (recognizing that the plaintiff's request for monetary damages was actually equitable in nature because "the remedy he seeks is to correct a procedural deficiency by [the government]"); *Crocker v. United States*, 125 F.3d 1475, 1477 (Fed. Cir. 1997) (claim seeking "the recovery of identified property and monies [is] an action that is equitable in nature and sharply distinguishable from an action at law for damages").

Accordingly, when a student borrower disputes the amount owed on her federal student loans, but still has a substantial outstanding balance, any breach of contract claim against the federal government fails on jurisdictional grounds because there is no possibility of receiving monetary damages from the public fisc. *See Dawson v. Great Lakes Educational Loan Services, Inc.*, No. 15-cv-475, 2016 WL 426610, *4-5 (W.D. Wis. Feb. 3, 2016); *Johnson v. United States*, 105 Fed. Cl. 85, 95-96 (2012); *Valentino v. U.S. Dept. of Educ.*, No. 09CV0006, 2009 WL 2985686, at *2 (S.D. Cal. Sept. 16, 2009).

In *Dawson*, a student borrower brought a breach of contract action against the United States, asserting issues with the administration of her federal loans and the improper calculation of interest, and seeking to have portions of his outstanding student loan debt cancelled. *Dawson*, 2016 WL 426610 at *1. The court looked "beyond the labels employed by plaintiff," and held that it was "clear that success on plaintiff's breach of contract claim would not entitle her to 'actual, presently due money damages' of the type required to bring her claim within the scope of the Little Tucker Act." *Id.* at *4. As the court explained: "[T]he alleged breach at issue—the improper

capitalization of plaintiff's B-9 Forbearance interest—is nothing more than an accounting error that has resulted in an allegedly incorrect loan balance. If plaintiff is successful in her claim against the government, all she will be entitled to is injunctive relief in the form of an order directing defendants to recalculate how much she owes." *Id.* The court also recognized that it would have jurisdiction if the plaintiffs had "made payments on her loan in excess of the amount she contends she actually owes." *Id.* (citation omitted). Because the plaintiff's complaint did not contain any allegations that would support her entitlement to such a reimbursement or to any other form of monetary relief, the court lacked jurisdiction under the Little Tucker Act. *Id.*

In *Johnson*, a student borrower brought a breach of contract action against the United States, asserting several issues with the administration of his federal loans and miscalculation of interest, and seeking to have portions of his outstanding student loan debt cancelled. *Johnson*, 105 Fed. Cl. at 87-90. Although the borrower sought monetary damages, he failed to identify any "injury that would require the government to pay him damages." *Id.* at 95. His "sole grievance" was that "the government . . . illegally increased his preexisting debt." *Id.* The court held that the request for cancellation of debt did not constitute the requisite monetary damages necessary to invoke jurisdiction under the Little Tucker Act:

> [E]ven if [the borrower] were to prove that a portion of his debt is unjustified, he would still owe a substantial outstanding balance to the Department of Education. [He] consequently has no grounds to demand a refund of payments already made and thus no claim for monetary damages.

*Id.* (citation omitted). Because the most the borrower could have hoped to achieve was "to obtain a discharge of the allegedly improper portion of his debt," the court dismissed the action for lack of jurisdiction. *Id.* at 95-96.

Similarly, in *Valentino*, a student borrower filed suit against the ED and the ED Secretary, alleging that the amount of her student loan debt was miscalculated. *Valentino*, 2009 WL 2985686,

9

at *1. The borrower had an outstanding loan balance of $14,084.83, and asserted that payments of $890.00 had not been properly applied to her account. *Id.* at *3. The court held that it lacked jurisdiction to entertain the breach of contract claim under the Little Tucker Act because the student's claims, if successful, would not result in the receipt of money damages from the government:

> [T]he record demonstrates that Plaintiff still owes substantial amounts on the loans and that the [United States] [T]reasury will be the net beneficiary upon receipt of outstanding principal and interest payments. Plaintiff simply fails to identify any circumstances under which she will obtain monies from the public fisc.

*Id.* at *3.

Here, just as the student borrowers in *Dawson*, *Johnson* and *Valentino*, the Eleven Plaintiffs assert that this Court has jurisdiction under the Little Tucker Act over their request to cancel a portion of their aggregate (TEACH and other) federal student loan debt. Those are not claims for monetary damages. Indeed, if the Eleven Plaintiffs were successful on their claims, the United States would merely be required to adjust their outstanding loan balances. Any payments made on an improperly-converted loan would be applied to their other outstanding federal loan balances. But under no circumstances will they be entitled to a money payment from the public fisc of the United States, "which is the touchstone of Tucker Act jurisdiction." *Brazos*, 144 F.3d at 787; *Gonzales*, 490 F.3d at 945.

In sum, this Court simply lacks jurisdiction under the Little Tucker Act to issue the type of equitable relief requested—the cancellation of portions of debts owed to the United States.

## II. JUDGMENT ON THE PLEADINGS SHOULD BE GRANTED AGAINST ALL PLAINTIFFS ON COUNT III BECAUSE THEIR UNJUST ENRICHMENT CLAIM DEPENDS ON AN EXPRESS CONTRACT

"Ohio law does not allow parties to seek damages under quasi-contractual theories of recovery, such as unjust enrichment, when a contract governs the relationship." Opinion at 15

(citing *Wolfer Enter., Inc. v. Overbrook Dev. Corp.*, 724 N.E.2d 1251, 1253 (Ohio Ct. App. 1992)). "A party seeking a remedy under a contract cannot also seek equitable relief under a theory of unjust enrichment or quantum meruit, because the terms of the agreement define the parties' relationship in the absence of fraud, bad faith or illegality." *Wolfer Ent., Inc.*, 724 N.E.2d at 1253.

This principle applies to this case, as the Court recently recognized in dismissing the unjust enrichment claim against defendant Pennsylvania Higher Education Assistance Agency ("PHEAA"). In Count III, Plaintiffs claim that PHEAA and the United States have "been unjustly enriched by receiving increased profits based on increased outstanding loan balances at the expense of Plaintiffs and Class members." SAC ¶ 255. This claim lacks legal merit because an express contract exists and governs the relationship between Plaintiffs and the United States. SAC ¶¶ 4, 175, Exhibits A, B. The United States does not dispute this Agreement's existence. Moreover, Plaintiffs have not alleged facts suggesting "evidence of fraud, bad faith, or illegality[,]" or any dispute about "the existence of an express contract." Order at 15. Indeed, Plaintiffs rely on the Agreement to Serve for their breach of contract claim (Count II). Thus, Plaintiffs cannot maintain their unjust enrichment claim in light of the Agreement to Serve.[4]

For these reasons, the United States is entitled to judgment on the pleadings on Count III of the Second Amended Complaint, just as the Court dismissed the unjust enrichment claim against PHEAA.

---

[4] The United States preserved its argument that the Complaint fails to state a claim upon which relief may be granted, Answer ¶ 260, and has timely sought judgment on this ground under Fed. R. Civ. P. 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B).

## CONCLUSION

For the foregoing reasons, the claims against the United States of the Eleven Plaintiffs should be dismissed. In addition, the United States is entitled judgment on the pleadings on Count III of the Second Amended Complaint.

    Respectfully submitted,

    Chad A. Readler
    Acting Assistant Attorney General

    Ruth A. Harvey
    Director

    Lloyd H. Randolph
    Assistant Director

    /s/ Terrance A. Mebane
    Terrance A. Mebane
    United States Department of Justice
    Civil Division, Commercial Litigation Branch
    1100 L Street NW
    Washington, DC 20005
    Telephone: (202) 307-0493
    Terrance.A.Mebane@usdoj.gov

    *Counsel for Defendants the United States Department of Education, and Elisabeth DeVos, in her official capacity as United States Secretary of Education*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March 2018, a true and correct copy of the foregoing, *Motion of the United States to Dismiss the Claims of Eleven Plaintiffs Against the Department of Education and Its Secretary for Lack of Subject Matter Jurisdiction*, was filed electronically with the Court's Electronic Case Filing (ECF) system. I understand that notice of this filing will be sent to all parties by operation of the Court's ECF system.

s/ Terrance A. Mebane
Terrance A. Mebane
United States Department of Justice
