**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASHLEY FORD, et al., | : | |
| | : | Case No. 5:17-CV-49 |
| Plaintiffs, | : | |
| | : | Judge Sara Lioi |
| v. | : | |
| | : | |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, et al., | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR DISMISSAL OF THE CLAIMS OF ELEVEN PLAINTIFFS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

Treating the Department of Education's advances under the TEACH grant program to the Eleven Plaintiffs as grants would result merely in a reduction in their overall their federal student loan debt.[1] Because such a bookkeeping entry does not qualify as monetary damages within a sovereign immunity waiver, their claims should be dismissed. In considering the United States' Motion, the Court may consider the O'Keefe Declaration because the Motion is a factual attack on the Eleven Plaintiffs' asserted basis for jurisdiction. Finally, the United States is entitled to judgment on the pleadings as to the unjust enrichment claim (Count III) because an express contract governs the parties' relationship already. The authorities cited in Plaintiffs' Memorandum in Opposition ("Opp."), Docket No. 37, do not support a contrary conclusion. Accordingly, the Motion should be granted.

---

[1] Capitalized terms not defined in this Reply have the meanings assigned to them in the United States' Motion for Dismissal of the Claims of Eleven Plaintiffs for Lack of Subject Matter Jurisdiction and for Partial Judgment on the Pleadings, Docket No. 32 ("Motion").

**ARGUMENT**

**A.      The Court Lacks Jurisdiction Over The Eleven Plaintiffs' Claims Because Monetary Damages Are Not Available For Them**

Each of the Eleven Plaintiffs owes on federal student loans not connected with TEACH far more than her TEACH "damages" demand. O'Keefe Decl. ¶14. Consequently, if anything, they would merely receive an account credit. For this reason, their jurisdictional argument, Opp. at 3-4, 6, that "they have been injured in an amount equal to the amount they have paid and will pay" lacks merit.

Requests for a debt reduction or "account credits" do not constitute monetary damages for purposes of the waiver of sovereign immunity under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The Eleven Plaintiffs' contrary argument "conflates two 'analytically distinct' inquiries." *F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994) (citation omitted). "The first inquiry is whether there has been a waiver of sovereign immunity. If there has been such a waiver . . . the second inquiry comes into play—that is, whether the source of substantive law upon which the claimant relies provides an avenue for relief." *Id.* Each of the Eleven Plaintiffs' attempts to avoid this well-established principle lack merit.

*First*, the Eleven Plaintiffs' conflation of these "analytically distinct inquiries" is evidenced by their attempt to distinguish the three decisions directly on point, *Dawson v. Great Lakes Educational Loan Services, Inc.*, No. 15-CV-475, 2016 WL 426610 (W.D. Wis. Feb. 3, 2016); *Johnson v. United States*, 105 Fed. Cl. 85 (2012), and *Valentino v. U.S. Dept. of Educ.*, No. 09-CV-0006, 2009 WL 2985686 (S.D. Cal. Sept. 16, 2009). In each case, the plaintiffs sought damages for an alleged breach of their contract with the government. And in each case, the court held that when a student borrower disputes the amount of her federal student debt, but still has a substantial outstanding balance, any breach of contract claim against the federal government fails

on jurisdictional grounds because there is no possibility of receiving monetary damages from the public fisc. For this reason, in each case, the court held that the United States had not waived its sovereign immunity and so the court lacked subject matter jurisdiction.

Here, the same is true. If the Eleven Plaintiffs are successful on their claims, all they will be entitled to is injunctive relief in the form of an order directing the United States to convert their loans back to grants and, to the extent any payments were made on a converted grant, a recalculation of their overall student loan debt. *See Dawson*, 2016 WL 426610, at *4. Under no circumstances will the Eleven Plaintiffs receive a monetary payment from the United States.

*Second*, the Eleven Plaintiffs' argument that "a new lawsuit would arise each and every month that a Plaintiff makes a payment," Opp. at 2, 7, is meritless. Even if their TEACH grants should not have been converted to loans, jurisdiction does not (and will not) exist until a plaintiff is entitled to "presently due money damages," such that a plaintiff would be entitled to damages from the public fisc. In any event, "requiring that plaintiffs first pay the challenged amount and then seek reimbursement ensures that the federal government is not inundated with frivolous lawsuits challenging the amount of their debts and how they are calculated." *Dawson*, 2016 WL 426610, at *5.

*Third*, the Eleven Plaintiffs' attempt to skirt the holding of *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dept. of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007), is also mistaken. They contend that the principles governing jurisdiction should not apply to them "because student loans are repaid on a monthly basis." Opp. at 7. This supposed distinction misses the point

3

completely. For purposes of jurisdiction, it does not matter what payment arrangements the Eleven Plaintiffs have for their outstanding federal debt.

As explained above and in the Motion, the Little Tucker Act does not waive sovereign immunity for this Court to entertain the Eleven Plaintiffs' claim against the United States. While this claim ostensibly seeks damages, the Eleven Plaintiffs also have other federal student loan debt, the amount of which exceeds the amount of their TEACH grants. Consequently, even if the conversion of TEACH grants to loans was improper, due to the government's setoff rights, at most the Eleven Plaintiffs might receive a reduction in the amount of their debt. S*ee* Motion at 8-10. The "government's consent to suit under the Tucker Act does not extend to every contract." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *see also Todd v. United States*, 386 F.3d 1091, 1093 (Fed. Cir. 2004) (recognizing that jurisdiction under the Tucker Act extends only to cases concerning "actual, presently due money damages from the United States"). The claims of the Eleven Plaintiffs should be dismissed because sovereign immunity for those claims has not been waived.

**B.     Because The United States Disputes the Factual Basis for Jurisdiction, The Court Can Rely On The O'Keefe Declaration**

The Eleven Plaintiffs also wrongly argue that the United States "facially attacks subject matter jurisdiction," Opp. at 9, rather than factually attacking their asserted basis for jurisdiction. A factual attack "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). "On such a motion . . . the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

Here, as is apparent in the Motion, the United States attacks the factual basis for jurisdiction—*i.e.*, that as a factual matter, due to their other federal student loan debt, the Eleven

4

Plaintiffs could not be entitled to a monetary award. Because this is a factual attack, the Court can consider the O'Keefe Declaration. *See* authorities cited in Motion at 4, n.2; *see generally* C. Wright, A. Miller, *et al.*, 5B *Fed. Prac. & Proc. Civ.* § 1350 (3d ed. 2018 update) ("District courts have broad discretion to consider relevant and competent *evidence* on a motion to dismiss for lack of subject matter jurisdiction that raises factual issues.").[2]

C. **Plaintiffs' Unjust Enrichment Claim Fails As A Matter of Law Because An Express Contract Governs The Parties' Relationship**

As this Court already recognized in dismissing claims against another defendant in this case, "Ohio law does not allow parties to seek damages under quasi-contractual theories of recovery, such as unjust enrichment, when a contract governs the relationship." Opinion at 15 (citation omitted). Because this principle also applies to Plaintiffs' unjust enrichment claim against Education, this claim too should be dismissed. Motion at 10-11.

Plaintiffs attempt to defend their unjust enrichment claim as "broader than their contract theory" by arguing that the United States acted in bad faith and failed to provide them "due process." *See* Opp. at 10. But the duty to act in "good faith" is an implicit term of every contract and a claim for breach of contract subsumes the accompanying claim for breach of the duty of good faith and fair dealing. *See Frisch v. Nationwide Mut. Ins. Co.*, 553 Fed. Appx 477, 482 (6th Cir. 2014); *Doe v. College of Wooster*, 243 F. Supp.3d 875, 894 (N.D. Ohio 2017). And the notion that an unjust enrichment claim supports an alleged "due process" violation is wholly unsupported

---

[2] In their attempt to overcome this well-recognized principle, the Eleven Plaintiffs misread *Tootle v. Secretary of Navy*, 446 F.3d 167 (D.C. Cir. 2006), and overlook the statement quoted in the Motion 4, n.2, from *Tootle*. In *Tootle*, the court concluded that the district court had subject matter jurisdiction based on the waiver of sovereign immunity in the Administrative Procedure Act, 5 U.S.C. §§ 551-559 ("APA"), because "Tootle's complaint [did] not explicitly request money damages" and instead sought "equitable relief." 446 F.3d at 174. By contrast, the Second Amended Complaint (at ¶ 150 and Requests for Relief C and F) expressly seeks monetary damages and relies only on 28 U.S.C. § 1346(a)(2) for a waiver of sovereign immunity.

5

by their brief or the law.  *See* Opinion at 16-17 (explaining the nature and elements of an unjust enrichment claim).  Because neither party disputes the existence or enforceability of the contracts at issue, the United States is entitled to judgment on the pleadings on Count III of the Second Amended Complaint.

## CONCLUSION

For the foregoing reasons and those stated in the Motion, the claims against the United States of the Eleven Plaintiffs should be dismissed, and judgment on the pleadings should issue on Count III of the Second Amended Complaint.

Respectfully submitted,

Chad A. Readler
Acting Assistant Attorney General

Ruth A. Harvey
Director

Lloyd H. Randolph
Assistant Director

/s/ Terrance A. Mebane
Terrance A. Mebane
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW, Room 7524
Washington, DC 20005
Telephone: (202) 307-0493
Terrance.A.Mebane@usdoj.gov

*Counsel for Defendants the United States Department of Education, and Elisabeth DeVos, in her official capacity as United States Secretary of Education*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June 2018, a true and correct copy of the foregoing, *United States' Reply in Support of Its Motion to Dismiss the Claims of Eleven Plaintiffs for Lack of Subject Matter Jurisdiction and for Partial Judgment on the Pleadings*, was filed electronically with the Court's Electronic Case Filing (ECF) system.  I understand that notice of this filing will be sent to all parties by operation of the Court's ECF system.

/s/ Terrance A. Mebane
Terrance A. Mebane
United States Department of Justice